**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 11-31115 MER |
| THOMAS GERARD MARTINO | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THOMAS GERARD MARTINO | ) | Adversary No. 11-1949 MER |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CITIZENS BANK & TRUST | ) | |
| COMPANY | ) | |
| | ) | Signed/Docketed |
| Defendant. | ) | May 30, 2012 |

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion for Summary Judgment and the Defendant's Response.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it involves a complaint for a determination as to the dischargeability of particular debts.

## BACKGROUND FACTS

The Debtor, Thomas Martino ("Martino"), filed his voluntary Chapter 7 petition on September 2, 2011.  Simon Rodriguez ("Rodriguez") was appointed Chapter 7 Trustee. Martino filed his Complaint to Determine Dischargeability of Debt in the above action on December 5, 2011.

The Complaint alleges Colorado Capital Bank was the holder of a promissory note and commercial guaranty signed by Martino, secured by a commercial real property development in Grand County, Colorado.  The Complaint states the development did not succeed, and is currently managed by a court appointed receiver

requested by Colorado Capital Bank.  On July 8, 2011, Colorado Capital Bank failed. Thereafter, the Federal Deposit Insurance Corporation transferred the assets of Colorado Capital Bank, including the subject loan, to Defendant First Citizens Bank & Trust Company (the "Defendant").

According to the Complaint, the date for filing objections to discharge or dischargeability in the underlying Chapter 7 case was December 6, 2011, and the Defendant did not file a request to extend that time limit.  However, Martino asserts the Defendant's former attorney indicated Martino's debt to the Bank might not be subject to discharge.  Martino seeks a declaratory judgment the Defendant's debt is a general unsecured debt and was not incurred by means which would make it nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), or (6).[1]  In addition the Complaint seeks an order determining the Defendant's debt to be dischargeable, and awarding Martino costs and attorneys' fees associated with this adversary proceeding.

The Defendant's Answer, filed January 4, 2012, states the property securing the subject loan is not property of Martino's bankruptcy estate, and agrees with Martino the property has not been sold at foreclosure.  However, the Defendant denies Martino is entitled to any declaratory relief sought in the Complaint.  The Defendant asserts the following affirmative defenses: 1) Martino's action is premature since the deadline for objecting to dischargeability had not passed;[2] 2) the Complaint fails to state a claim as to all debts Martino owes to the Defendant; 3) lack of ripeness; 4) unclean hands; and 5) Martino brought the adversary action in bad faith, as an unnecessary and premature attempt to force parties to incur costs and attorneys' fees.

Martino's Motion for Summary Judgment, filed April 5, 2012, alleges there are two loans subject to this adversary proceeding, one of which is unsecured, and one of which is secured by the Grand County real property.  The loans were made to an entity known as Moomba 2, Inc., which is solely owned by Martino, and the loans were personally guaranteed by Martino.  The Motion further states Martino completed credit applications to obtain the loans, and the credit applications contained information that was true and accurate at the time the applications were made.  In addition, the Motion

---

[1]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2]  On November 23, 2011, in the underlying bankruptcy case, International Bank filed a motion to extend the time to object to discharge or dischargeability (Docket No. 115), and the Defendant joined that motion on December 5, 2012 (Docket No. 125).  The Motion was granted on December 16, 2011, extending the time to March 15, 2012 (Docket No. 146).  In addition, the Chapter 7 Trustee and the United States Trustee, and Martino filed two stipulated motions to extend the time to object to discharge (Docket Nos. 109 and 204), both of which were granted.  According to the Order granting the most recent motion, the Chapter 7 Trustee and the United States Trustee were given until May 11, 2012 to object to Martino's discharge.  However, the docket in the underlying case reflects no further extensions for the Defendant in this case; accordingly it appears the last day for the Defendant to object to discharge or dischargeability was March 15, 2012.

alleges Colorado Capital Bank neither requested documentation of the information on the credit applications, nor performed due diligence with respect to information on the credit applications. The Motion discusses the elements for a finding of nondischargeability under § 523(a)(2) and asserts the Defendant cannot establish the element of reasonable reliance as to the two loans.  Therefore, the Motion seeks summary judgment in Martino's favor as to dischargeability under § 523(a)(2).

In its Response filed April 26, 2012, the Defendant contends the Motion should be denied because the Defendant's predecessor's reliance on Martino's financial representations was reasonable.  The Defendant contends its predecessor conducted due diligence by obtaining tax returns, credit checks, and verifications of deposits. However, according to the Defendant, Martino controlled Moomba 2, Inc., so the Colorado Capital Bank was forced to rely on Martino's statements as to the ownership of assets.  The Defendant also asserts Martino had entered into agreements with his spouse to transfer assets to her name, and to otherwise dissipate or transfer assets during the course of the parties' five-year loan relationship.  Moreover, the Defendant states its Answer identified material false representations as grounds for objecting to dischargeability, including both false representations as to Martino's financial statements actionable under § 523(a)(2)(B), and false representations actionable under the "justifiable reliance" standard of § 523(a)(2)(A).

## DISCUSSION

### A.    Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  In applying this standard, the Court should "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[4]  The party seeking summary judgment bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of [the record] 'together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[5]  Summary judgment is a drastic remedy and "should be applied with caution to the end that litigants will have a trial on bona fide factual disputes.  No margin exists for the disposition of factual issues.  If there is any issue as

---

[3]  FED. R. CIV. P. 56(a), applicable in bankruptcy adversary proceedings pursuant to FED. R. BANKR. P. 7056.

[4]  *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[5]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

to a material fact dispositive of right or duty, the case is not ripe for summary judgment."[6]

The case at bar is unusual because, although the date for objecting to dischargeability has passed for the Defendant, Martino himself put the matter at issue by filing an action seeking a finding as to the dischargeability of the Defendant's debt.[7] Therefore, the Court must determine whether Martino has shown entitlement to summary judgment under § 523(a)(2).

## B.      Analysis of Evidence Before the Court.

Martino asserts entitlement to summary judgment under both § 523(a)(2)(A) and § 523(a)(2)(B).[8]  The Court notes one of the most important distinctions between these

---

[6]  *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir. 1973) (citations omitted).

[7]  Under FED. R. BANKR. P. 4007(a), a debtor may file a complaint to determine dischargeability. Thus, the Complaint in this matter, filed December 5, 2011, is timely.

[8]  Motion for Summary Judgment, p. 5.  To prove a debt is non-dischargeable under § 523(a)(2)(A), a creditor must show:

a. the debtor made a false representation of fact,
b. the fact was material,
c. the debtor made the representation knowing it to be false,
d. the debtor made the representation intending the creditor's reliance,
e. the creditor relied upon the representation,
f. the reliance was justifiable, and
g. the reliance resulted in damage to the creditor.

*Field v. Mans*, *supra*, at 70; *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996); *United States v. Turner (In re Turner)*, 179 B.R. 273, 278 (Bankr. D. Colo. 1995).

Section 523(a)(2)(B) provides:

A discharge under section 727... of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . .

(B) the use of a statement in writing–

(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;

two statutory sections is the "reasonable reliance" standard set forth § 523(a)(2)(B) does not apply to § 523(a)(2)(A).  Instead, § 523(a)(2)(A) employs the lesser standard of "justifiable reliance."[9]  Thus, if a question of fact remains as to justifiable reliance, a question of fact must necessarily remain as to reasonable reliance.

Martino's affidavit indicates to the best of his knowledge, Colorado Capital Bank did not request documentation supporting the information on the credit applications.  It also states Martino does not believe Colorado Capital Bank performed due diligence. Martino describes his business relationship with Colorado Capital Bank as "relaxed." His affidavit contains no averments as to any non-written representations he may have made to Colorado Capital Bank or the Defendant.

By contrast, the Defendant's Response contains an affidavit by one of the Defendant's officers, Mitchell Bennett, indicating Colorado Capital Bank had secured Martino's credit score, verified his deposits and obtained tax information.  Bennett's affidavit also asserts reliance on Martino's assets being held in his name only, not in his spouse's name.  Further, Bennett states Colorado Capital Bank engaged in negotiations with Martino, and, when certain financial statements reflected assets transferred to Martino's wife, Martino represented the transfers were made for estate planning purposes.  Moreover, the Defendant's Response includes copies of detailed financial statements and credit proposals.[10]

The Supreme Court has made the following observation regarding justifiable reliance, and by inference, reasonable reliance:

The Restatement expounds upon justifiable reliance by explaining that a person is justified in relying on a representation of fact "although he might have ascertained the falsity of the representation had he made an investigation.". . . "Although the plaintiff's reliance on the misrepresentation must be justifiable . . . this does not mean that his conduct must conform to the standard of the reasonable man.  Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the

---

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive. . .

*Kaspar*, supra, at 1359; *Cousatte v. Lucas (In re Lucas)*, 300 B.R. 526, 531 (10th Cir. BAP 2003); *Cadwell v. Joelson (In re Joelson)*, 307 B.R. 689, 692 (10th Cir. BAP 2004), *aff'd,* 427 F.3d 700 (10th Cir. 2005).

[9] *Field v. Mans*, *supra*, at 70; *GDO Investments, Inc. v. Glasgow (In re Glasgow)*, 370 B.R. 362, 371 (Bankr. D. Colo. 2007).

[10] Response, Exhibits A–V.

particular case, rather than of the application of a community standard of conduct to all cases." . . . Justifiability is not without some limits, however. . . . [A] person is "required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.[11]

The pleadings, affidavits, and exhibits before the Court reflect the existence of genuine issues of material fact as to what the Defendant's predecessor knew or should have known at the time of the loans in question.  In the absence of witness testimony, the Court cannot determine whether the Defendant's predecessor's reliance on Martino's unwritten or written statements was either justifiable or reasonable.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED Martino's Motion for Summary Judgment is DENIED.

Dated May 30, 2012                                        BY THE COURT:

Michael E. Romero
United States Bankruptcy Judge

---

[11] *Field v. Mans*, *supra*, at 70–71 (quoting Restatement (Second) of Torts, §§ 537, 540, 541 and 545A ).